UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREW CRANDALL,

                Petitioner,

v.                                              9:00-CV-0911 (TJM/GHL)

GEORGE B. DUNCAN, Superintendent, Great Meadow Correctional Facility,

                Respondent.

APPEARANCES:                                    OF COUNSEL:

ANDREW CRANDALL, 88-T-2178
Petitioner *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ELIOT SPITZER                        GERALD J. ROCK, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[1]

**I.   INTRODUCTION**

      Petitioner *pro se* Andrew Crandall brings this action for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Dkt. No. 1. For the reasons set forth below, the Court recommends that the relief requested be denied and that the Petition be dismissed.

---

[1] This matter has been referred to the undersigned for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

## II.   FACTS AND PROCEDURAL HISTORY

On July 30, 1998, while an inmate at Great Meadow Correctional Facility in Comstock, New York, Petitioner was accused of violating various Department of Correctional Services ("DOCS") rules and regulations, including possession of a weapon, possession of property in an unauthorized area, and possession of contraband.[2]  Dkt. No. 1 ¶ 1.  According to the Inmate Misbehavior Report filed by Correction Officer ("C.O.") Pritchard, he was "frisking" the items left by inmates at the storehouse gate and found "a razor type weapon" resembling a "broken exacto knife" in a manila envelope.  Dkt. No. 9, Ex. A.  Thereafter C.O. Pritchard observed Petitioner pick up the manila envelope; C.O. Pritchard asked Petitioner whether the envelope was his, and Petitioner answered in the affirmative.  *Id.*

Petitioner was found guilty after a Tier III Disciplinary Hearing held on August 10, 1998. Dkt. No. 1 ¶ 3.  The Hearing Officer recommended Special Housing Unit confinement for 180 days, the loss of Petitioner's packages, commissary, and phone privileges for 180 days, and the loss of six months' good time credit.  Dkt. No. 1 ¶ 3.

Petitioner appealed from the Disciplinary Hearing finding, and on September 28, 1998, the Director of the Special Housing/Inmate Disciplinary Program affirmed the disposition.  Dkt. No. 9, Ex. D.  On October 15, 1998, the Deputy Superintendent of Programs declined to exercise discretionary review of the hearing and disposition.  Dkt. No. 9, Ex. E.

On or about December 14, 1998, Petitioner commenced an Article 78 proceeding to review the determination in Supreme Court, Albany County.  Dkt. No. 1 ¶ 7.  The proceeding

---

[2]  The Inmate Misbehavior Report charges Petitioner with only one rule violation, i.e., Rule 113.10, that an inmate shall not make, possess, sell, or exchange any item of contraband that may be classified as a weapon by description, use, or appearance.  Dkt. No. 9, Ex. A.

was transferred to the Appellate Division, Third Department. *In the Matter of Crandall v. Goord*, 700 N.Y.S.2d 592 (3d Dep't 2000). On January 6, 2000, the Third Department affirmed the Hearing Officer's determination and dismissed the Article 78 Petition. *Id.* On May 11, 2000, the New York Court of Appeals dismissed Petitioner's appeal. *In the Matter of Crandall v. Goord*, 95 N.Y.2d 781 (2000).

### III.   THE *HABEAS* PETITION

On June 12, 2000, Petitioner filed the Petition presently pending before the Court, which raises two issues. Dkt. No. 1. Petitioner argues that his right to due process was violated during the Disciplinary Hearing because: (1) Respondent refused to reverse, modify, or remand the matter for reconsideration, despite Petitioner's argument that he was "a mental patient" who had the right to interject a defense of his mental condition at his Tier III Disciplinary Hearing (Dkt. No. 1 ¶ 16); and (2) although Respondent knew of Petitioner's mental health condition, Respondent refused to consult the Mental Health Unit prior to the Disciplinary Hearing and Respondent refused to allow Petitioner to present evidence of his mental defect or disease (Dkt. No. 1 ¶ 18).

Respondent argues that Petitioner has failed to exhaust his available state court remedies and has procedurally defaulted on his claims, and that Petitioner's claims are without merit. *See* Dkt. No. 10.

### IV.   DISCUSSION

   **A.   Exhaustion**

28 U.S.C. § 2254 requires state prisoners to exhaust all available state court remedies prior to filing a section 2254 petition. 28 U.S.C § 2254; *James v. Walsh*, 308 F.3d 162, 167 (2d

Cir. 2002); *Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1983) *en banc* (internal citations omitted); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d. Cir. 1997); and *Jenkins v. Duncan*, Civ. No. 02-673, 2003 U.S. Dist. LEXIS 16252, at *8 (N.D.N.Y. Sept. 16, 2003) (Sharpe, M.J.).

In the instant action, Petitioner raised the issue of his mental health in his August 20, 1999 request for reconsideration of his Tier III Disciplinary Hearing (Dkt. No. 1, Ex. B), but he failed to raise the issue, or even mention it, in his Article 78 Petition. Dkt. No. 9, Ex. F. Similarly, Petitioner failed to mention or raise in his Article 78 Petition that his right to due process was violated when Respondent refused to reverse, modify, or remand the matter for reconsideration.

Petitioner states, accurately, that in his appeal to the New York Court of Appeals he presented the argument that a mental patient has a right to assert a defense of mental disease or defect at his Tier III Disciplinary Hearing. *See* Dkt. No. 1 ¶ 13. However, presenting an issue for the first time to the Court of Appeals, New York State's highest court, is not sufficient to meet the exhaustion requirement under 28 U.S.C. § 2254. *See St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) ("However, raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes."). *See also Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) (where the Supreme Court rejected the Third Circuit's conclusion that the submission of a new claim to a state's highest court on discretionary review constituted fair presentation). Accordingly, Petitioner has not exhausted his state court remedies with respect to the claims set forth in his Petition.

4

### B. Cause and Prejudice

Even though Petitioner has failed to exhaust his state court remedies, this Court must examine the exceptions to the exhaustion requirement, as codified by section 2254(b)(1)(B)(i) or (ii). Specifically, the Court must consider whether there is an absence of available State corrective process (e.g., where there is no further state proceeding for petitioner to pursue) or whether circumstances exist that render such process ineffective to protect the rights of the applicant (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000); and *Fernandez v. Bennett*, Civ. No. 02-0180, 2003 U.S. Dist. LEXIS 23922, at *15 (E.D.N.Y. Oct. 16, 2003).

> When a claim has never been presented to a state court, a federal court may theoretically find that there is an "absence of available State corrective process" under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile. In such a case, the habeas court theoretically has the power to deem the claim exhausted. *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997). This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," federal habeas courts also must deem the claims procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735, n.1 (1991).

*Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). In other words, if Petitioner can show that he is procedurally barred from bringing his claims in state court, this Court may deem his claims to be exhausted but must also deem his claims to be procedurally barred. In the instant matter, Petitioner no longer has remedies available in state court with regard to his unexhausted mental

5

status and due process claims.³  Accordingly, these claims are deemed exhausted, but they are also procedurally defaulted.

Federal courts may address the merits of a procedurally defaulted claim upon a showing of (i) cause for the default and resulting prejudice to the petitioner or (ii) a fundamental miscarriage of justice. *Fernandez v. Bennett*, 2003 U.S. Dist. LEXIS 23922, at *15-*16; *Francis v. Duncan*, Civ. No. 03-4959, 2004 U.S. Dist. LEXIS 16670, at *33-*36, (S.D.N.Y. Aug. 23, 2004); and *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

"Cause may be demonstrated with 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by state officials' made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel.'" *Bossett v. Walker*, 41 F.3d at 829 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted)).  Here, Petitioner has made no attempt to demonstrate any cause for failing to raise these claims in his Article 78 Petition nor does the record reflect any such cause.  As a result, because cause has not been shown, the Court need not determine whether actual prejudice was suffered by Petitioner. *Jones v. Barkley*, Civ. No. 99-1344, 2004 U.S. Dist. LEXIS 3113, at *27 (N.D.N.Y. Feb. 27, 2004) (Sharpe, D.J.) (because the petitioner failed to establish cause for his procedural default, the Court did not need to decide whether the petitioner suffered prejudice because federal *habeas* relief is generally unavailable as to procedurally barred claims unless both cause and prejudice is demonstrated) (citing *Stepney v.*

---

³ "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner . . . ."  N.Y. C.P.L.R. § 217 (2003).

*Lopes*, 760 F.2d 40, 45 (2d Cir. 1985)).

If the cause and prejudice exception is not met, a petitioner may avoid the procedural bar only if he can demonstrate "that failure to consider the claim would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  However, the miscarriage of justice exception is inapplicable in this case, as it is not an "extraordinary case." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) ("We remain confident that, for the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.'  But we do not pretend that this will always be true.  Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.") (citations omitted).  Petitioner has not argued that a fundamental miscarriage of justice exists in this case; in fact, Petitioner has made no mention of this argument at all.  Thus, for this reason alone the Court recommends that the Petition be dismissed.  *See Coleman*, 501 U.S. at 757 (where the Supreme Court affirmed the Fourth Circuit's denial of review of the petitioner's federal habeas claims where the petitioner failed to argue fundamental miscarriage of justice).  In addition, there is nothing in the record to suggest that the Petitioner was denied constitutionally protected rights and that therefore his *habeas* Petition should be considered on the merits despite his own failure to assert his claim in state court.  In short, this is not an "extraordinary case."

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the Petition for a writ of *habeas corpus* (Dkt. No. 1) be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.* 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 31, 2005
   Syracuse, New York

                     _/s/ George H. Lowe_
                     George H. Lowe
                     United States Magistrate Judge